E-FILED
Wednesday, 09 June, 2010 02:38:10 PM
Clerk, U.S. District Court, ILCD

FILED
JUN - 9 2010
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CR 10-20042 |
| ) | |
| MICHAEL J. PINSKI, DUANE L. ) | Title 42, United States Code, |
| O'MALLEY (Also Known As "Butch"), ) | Section 7413(c)(1); Title 18, United |
| and JAMES A. MIKRUT, ) | States Code, Sections 1001 and 2. |
| ) | |
| Defendants. ) | |

**INDICTMENT**

**COUNT ONE**
(Illegal Asbestos Removal Notice)

**THE GRAND JURY CHARGES:**

1.  During or about August of 2009, in Kankakee County, in the Central District of Illinois,

**MICHAEL J. PINSKI, DUANE L. O'MALLEY (Also
Known As "Butch"), and JAMES A. MIKRUT,**

defendants herein, did knowingly violate the criminal provisions of the federal Clean Air Act relating to the removal, handling, and disposal of asbestos.

**Asbestos and The Clean Air Act**

2.  Asbestos is a heat-resistant mineral fiber, which has been used in insulation and fire-retardant products. The inhalation of asbestos fibers may cause debilitating or fatal lung diseases, such as mesothelioma, asbestosis, and lung cancer.

3.  In 1971, the United States Environmental Protection Agency ("EPA")

declared asbestos to be a hazardous air pollutant as defined by Title 42, United States Code, Section 7412 of the federal Clean Air Act. Subsequently, the EPA promulgated rules, regulations, and requirements under Section 7412 to control the use, removal, handling, and disposal of asbestos. These regulations are commonly known as the National Emission Standard for Asbestos ("NESHAP for asbestos") and are found at Title 40, Code of Federal Regulations, Part 61, Subpart M (Sections 61.140 to 61.157 and Appendix A).

4. The NESHAP for asbestos apply to any owner or operator of a renovation or demolition activity in which the amount of regulated asbestos-containing material to be removed is at least 260 linear feet on pipes, at least 160 square feet on other facility components, or at least 35 cubic feet once removed from any facility components. 40 C.F.R. § 61.145, *et seq.*

5. The NESHAP for asbestos in effect at all times relevant to this indictment provide, among other things, that:

    a. each owner or operator of a regulated demolition or renovation activity must send notice to EPA or its delegate at least 10 working days prior to the removal of regulated asbestos-containing material. 40 C.F.R. § 61.145(b). In Illinois, such notices must be sent to the Illinois Environmental Protection Agency ("Illinois EPA") as the EPA's delegate;

    b. no regulated asbestos-containing material can be stripped, removed, or otherwise handled or disturbed at a regulated renovation or

demolition site unless at least one on-site representative, such as a foreman or management-level person or other authorized representative, is present who is trained in the provisions of the NESHAP for asbestos and the means of complying with them. 40 C.F.R. § 61.145(c)(8);

    c.    regulated asbestos-containing material must be adequately wetted while it is being stripped (*i.e.*, to take off regulated asbestos-containing material) from a facility component. 40 C.F.R. § 61.145(c)(3);

    d.    vehicles used to transport asbestos-containing waste material must be marked during the loading and unloading of waste so that the signs are visible, and the markings must include pursuant to 40 C.F.R. § 61.149(d)(1)(i)-(iii) the words "DANGER," "ASBESTOS DUST HAZARD," "CANCER AND LUNG DISEASE HAZARD" and "Authorized Personnel Only," and;

    e.    all asbestos-containing waste material from a regulated renovation or demolition site must be deposited as soon as is practical at a waste disposal site operated in accordance with the NESHAP for asbestos at 40 C.F.R. § 61.154.

**Factual Background**

6.    Around the fall of 2005, Michael J. Pinski ("PINSKI"), through his company Dearborn Management, Inc., acquired a five-story building located at 197 South West Avenue in Kankakee, Kankakee County, in the Central District of Illinois (hereinafter, "the building"). Through an Asbestos Survey report dated October 17, 2005, PINSKI was aware that insulation material wrapped on pipes in the building

contained asbestos.

7. In August of 2009, PINSKI hired Duane "Butch" O'Malley ("O'MALLEY"), the owner and operator of Origin Fire Protection, to remove the asbestos-containing insulation material (hereinafter, "asbestos insulation") from the pipes, even though neither O'MALLEY nor Origin Fire Protection were trained to perform asbestos removal work. O'MALLEY agreed to remove the asbestos insulation for an amount that was substantially less than a trained asbestos abatement contractor would have charged to remove the asbestos insulation.

8. O'MALLEY arranged for James Mikrut ("MIKRUT") to find and oversee workers to remove the asbestos insulation from the pipes inside the building. MIKRUT recruited five individuals to remove the asbestos insulation from the pipes. MIKRUT personally showed the individuals the asbestos insulation that needed to be removed. The individuals removed the asbestos insulation from the pipes inside the building from on or about August 15, 2009 to on or about August 20, 2009.

**Clean Air Act Violations**

9. Neither PINSKI, O'MALLEY, or MIKRUT sent notice to EPA or the Illinois EPA at any time prior to the removal of the asbestos insulation on the pipes inside the building.

10. While the asbestos insulation was stripped, removed, and otherwise handled and disturbed at the building, PINSKI, O'MALLEY, and MIKRUT failed to have an on-site representative present who was trained in the provisions of the

NESHAP for asbestos and the means of complying with them.

11. PINSKI, O'MALLEY, and MIKRUT failed to ensure that the individuals adequately wetted the asbestos insulation while it was being stripped and removed. In fact, as PINSKI, O'MALLEY, and MIKRUT knew full well, no water was available to wet the asbestos insulation during its removal because the water to the building was turned off during this time. Thus, when the individuals removed the asbestos insulation, the removal generated a large amount of hazardous asbestos dust.

12. PINSKI, O'MALLEY, and MIKRUT failed to ensure that the asbestos insulation was sealed in leak-tight containers while wet, and labeled using the specified Occupational Safety and Health Administration warning labels. Instead, the removed asbestos insulation was placed dry into approximately 127 large, unlabeled plastic garbage bags and loaded onto a dump truck.

13. PINSKI, O'MALLEY, and MIKRUT failed to ensure that the asbestos insulation was deposited at a waste disposal site operated in accordance with the NESHAP for asbestos. Instead, O'MALLEY directed MIKRUT to dump the bags of asbestos insulation. On or about the evening of August 23, 2009, MIKRUT and another individual drove the dump truck to a field in Hopkins Park in Kankakee County in the Central District of Illinois, where they dumped the 127 bags of removed asbestos insulation in an open field, resulting in asbestos contamination in the soil in the field.

**Asbestos Notice Violation**

14. During or about August of 2009, in Kankakee County, in the Central

District of Illinois,

**MICHAEL J. PINSKI, DUANE L. O'MALLEY (Also
Known As "Butch"), and JAMES A. MIKRUT,**

defendants herein, owners and operators of a renovation activity at a building located at 197 South West Avenue in Kankakee, Illinois in which more than 260 linear feet, 160 square feet, and 35 cubic feet of regulated asbestos-containing material were removed, knowingly failed to notify the United States Environmental Protection Agency and the Illinois Environmental Protection Agency at least ten working days prior to the removal of regulated asbestos-containing material as required by 40 C.F.R. § 61.145(b).

In violation of Title 42, United States Code, Section 7413(c)(1) and Title 18, United States Code, Section 2.

## COUNT TWO
(Illegal Asbestos Removal)

**THE GRAND JURY CHARGES:**

1.-13.   The Grand Jury re-alleges and incorporates by reference Paragraphs 1 to 13 of Count One of this Indictment as though fully set forth herein.

**Asbestos Removal Violation**

14.   During or about August of 2009, in Kankakee County, in the Central District of Illinois,

**MICHAEL J. PINSKI, DUANE L. O'MALLEY (Also
Known As "Butch"), and JAMES A. MIKRUT,**

defendants herein, owners and operators of a renovation activity at a building located at 197 South West Avenue in Kankakee, Illinois in which more than 260 linear feet, 160

square feet, and 35 cubic feet of regulated asbestos-containing material were removed, knowingly allowed regulated asbestos-containing material to be stripped, removed and otherwise handled and disturbed when there was not at least one on-site representative present, such as a foreman or management-level person or other authorized representative, who was trained in the provisions of the Environmental Protection Agency asbestos regulations and the means of complying with them, as required by 40 C.F.R. § 61.145(c)(8).

In violation of Title 42, United States Code, Section 7413(c)(1) and Title 18, United States Code, Section 2.

## COUNT THREE
(Illegal Asbestos Removal)

**THE GRAND JURY CHARGES:**

1.-13. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 to 13 of Count One of this Indictment as though fully set forth herein.

**Asbestos Removal Violation**

14. During or about August of 2009, in Kankakee County, in the Central District of Illinois,

**MICHAEL J. PINSKI, DUANE L. O'MALLEY (Also Known As "Butch"), and JAMES A. MIKRUT,**

defendants herein, owners and operators of a renovation activity at a building located at 197 West Avenue, South, in Kankakee, Illinois in which more than 260 linear feet, 160 square feet, and 35 cubic feet of regulated asbestos-containing material were removed,

knowingly failed to adequately wet regulated asbestos-containing material while it was being stripped from a facility component as required by 40 C.F.R. § 61.145(c)(3).

In violation of Title 42, United States Code, Section 7413(c)(1) and Title 18, United States Code, Section 2.

## COUNT FOUR
(Illegal Asbestos Handling)

**THE GRAND JURY CHARGES:**

1.-13.  The Grand Jury re-alleges and incorporates by reference Paragraphs 1 to 13 of Count One of this Indictment as though fully set forth herein.

**Asbestos Handling Violation**

14.  During or about August of 2009, in Kankakee County, in the Central District of Illinois,

**MICHAEL J. PINSKI, DUANE L. O'MALLEY (Also Known As "Butch"), and JAMES A. MIKRUT,**

defendants herein, owners and operators of a renovation activity at a building located at 197 South West Avenue in Kankakee, Illinois in which more than 260 linear feet, 160 square feet, and 35 cubic feet of regulated asbestos-containing material were removed, knowingly failed to mark vehicles used to transport asbestos-containing waste material during the loading and unloading of waste so that signs were visible with markings that included the following words:

DANGER
ASBESTOS DUST HAZARD
CANCER AND LUNG DISEASE HAZARD
Authorized Personnel Only

as required by 40 C.F.R. §§ 61.149(d)(1) and 61.150(c).

In violation of Title 42, United States Code, Section 7413(c)(1) and Title 18, United States Code, Section 2.

## COUNT FIVE
(Illegal Asbestos Disposal)

**THE GRAND JURY CHARGES:**

1.-13. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 to 13 of Count One of this Indictment as though fully set forth herein.

### Asbestos Disposal Violation

14. During or about August of 2009, in Kankakee County, in the Central District of Illinois,

**DUANE L. O'MALLEY (Also Known As "Butch")
and JAMES A. MIKRUT,**

defendants herein, owners and operators of a renovation activity at a building located at 197 South West Avenue in Kankakee, Illinois in which more than 260 linear feet, 160 square feet, and 35 cubic feet of regulated asbestos-containing material were removed, knowingly failed to deposit all asbestos-containing waste material as soon as is practical at a waste disposal site operated in accordance with Environmental Protection Agency regulations at 40 C.F.R. § 61.154.

In violation of Title 42, United States Code, Section 7413(c)(1) and Title 18, United States Code, Section 2.

## COUNT SIX
(False Statement)

**THE GRAND JURY CHARGES:**

1-13. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 to 13 of Count One of this Indictment as though fully set forth herein.

14. On or about September 18, 2009, in Kankakee County, in the Central District of Illinois,

## JAMES A. MIKRUT,

defendant herein, did knowingly and willfully make materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the United States Environmental Protection Agency, an agency within the executive branch of the Government of the United States, in that he told an inspector with the Illinois Environmental Protection Agency that he knew nothing about any activities involving insulation or asbestos removal at the building located at 197 South West Avenue in Kankakee, Illinois, when he knew full well that asbestos-containing insulation material had recently been removed from the pipes in the building.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SEVEN
(False Statement)

**THE GRAND JURY CHARGES:**

1-13. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 to 13 of Count One of this Indictment as though fully set forth herein.

14. On or about September 22, 2009, in Kankakee County, in the Central District of Illinois,

**MICHAEL J. PINSKI,**

defendant herein, did knowingly and willfully make materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the United States Environmental Protection Agency, an agency within the executive branch of the Government of the United States, in that he told an inspector with the Illinois Environmental Protection Agency that he knew nothing about any activities involving insulation or asbestos removal at the building located at 197 South West Avenue in Kankakee, Illinois, when he knew full well that asbestos-containing insulation material had recently been removed from the pipes in the building.

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL.

s/ Foreperson

FOREPERSON

s/ Jeffrey B. Lang

JEFFREY B. LANG
United States Attorney

ELM