**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 10-CR-20042** |
| | ) | |
| **DUANE O'MALLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION**

This case is before the court on the Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33 (#209) filed by Defendant Duane O'Malley *pro se*. This court has reviewed Defendant's filings and the Government's Response (#212). Following this careful review, Defendant is advised that his Rule 33 motion will be treated as a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence unless he withdraws his motion as to claims 1 and 2. The motion is DENIED as to claim 3.

BACKGROUND

On June 9, 2010, Defendants Michael Pinski, Duane O'Malley, and James Mikrut were charged by indictment with: (1) failing to notify the United States Environmental Protection Agency (EPA) and the Illinois Environmental Protection Agency (IEPA) at least ten working days prior to the removal of regulated asbestos-containing material as required by 40 C.F.R. § 61.145(b); (2) knowingly allowing asbestos to be stripped, removed and otherwise handled and disturbed when there was not at least one on-site representative present who was trained in the provisions of the

Environmental Protection Agency asbestos regulations and the means of complying with them, as required by 40 C.F.R. § 61.145(c)(8); (3) knowingly failing to adequately wet regulated asbestos-containing material while it was being stripped from a facility component as required by 40 C.F.R. § 61.145(c)(3); (4) knowingly failing to mark vehicles used to transport asbestos-containing waste material during the loading and unloading of waste with the proper signage as required by 40 C.F.R. §§ 61.149(d)(1) and 61.150(c); and (5) knowingly failing to deposit all asbestos-containing waste material as soon as is practical at a waste disposal site operated in accordance with Environmental Protection Agency regulations at 40 C.F.R. § 61.154. (#1, Counts 1-5). In addition, Defendants Mikrut and Pinski were charged with making false statements regarding the insulation or asbestos removal. (#1, Counts 6-7).

On August 19, 2011, Defendant Pinski entered into a plea agreement with the Government. On August 24, 2011, Defendant Mikrut entered into a plea agreement with the Government. A jury trial was held with the last remaining defendant, Defendant O'Malley, between September 21, 2011 and September 26, 2011, with the jury reaching a verdict of guilty on Counts 1-5 (#67). On September 27, 2011, Defendant O'Malley filed his first *pro se* Motion for New Trial pursuant to Fed. R. Crim. P. 33 (#71). On November 7, 2011, this court denied that motion (#75).

Judgment was entered as to Defendant O'Malley on July 31, 2012. (#120). On the same day, Defendant O'Malley filed a Notice of Appeal (#123). On January 14, 2013, a Presentence Investigation Report (#163) and a Sentencing Recommendation (#164) for Defendant Pinski was filed.

On February 19, 2013, Defendant O'Malley filed another *pro se* Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33 (#172), which was his second one. On February

22, 2013, this court directed the Government to file a Response. On June 19, 2013, this court entered its Opinion (#196) on Defendant O'Malley's motion for a new trial. This court concluded that the motion would be construed as a motion pursuant to 28 U.S.C. § 2255. Defendant was allowed twenty-one days from the date of the Opinion to withdraw his motion if he did not want to proceed under 28 U.S.C. § 2255 or to amend his motion to include every § 2255 claim that he believed he had. Defendant withdrew the motion. On January 8, 2014, the U.S. Court of Appeals for the Seventh Circuit affirmed Defendant's conviction on direct appeal. *United States v. O'Malley*, 739 F.3d 1001 (7th Cir. 2014). Defendant subsequently filed this Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33 (#209) on March 31, 2014. The government filed its Response (#212) on May 1, 2014, and Defendant filed his Reply (#214) on May 14, 2014.

ANALYSIS

In his new motion, Defendant makes three main arguments: (1) the government, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), withheld what would have been valuable impeachment evidence from Defendant at trial concerning the criminal background of Michael Pinski, which, Defendant argues, if heard by the jury, would so discredit government witness Pinski that it is likely he would have been acquitted; (2) the government, in violation of *Brady* and *Giglio*, failed to disclose correspondence between the Illinois Environmental Protection Agency (IEPA) and Pinski that would show (a) Pinski failed in his legal requirement to disclose his actual knowledge of the asbestos to Defendant and (b) that the IEPA considered the conduct that Defendant was being prosecuted for to be so frivolous that they required only a $15,000 fine to remedy the situation; and (3) a post-asbestos removal appraisal report and asbestos abatement documents would cast further doubt on Pinski's veracity. The government

responds that Defendant is merely rehashing and dressing up his same claims from his earlier Rule 33 motion (#172) which this court concluded should be construed as a motion under § 2255. The government asks this court to again construe Defendant's Rule 33 motion as a motion under § 2255, or, in the alternative, deny the motion on the merits.

The substance of a party's submission takes precedence over its form. *Guyton v. United States*, 453 F.3d 425, 426 (7th Cir. 2006). Thus, any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, is a motion under § 2255, no matter what title the prisoner puts on the motion's cover. *Guyton*, 453 F.3d at 426. A Rule 33 motion deals with contentions that evidence discovered after trial shows that the accused is innocent. *United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010). However, a Rule 33 motion must be considered a collateral attack for § 2255 purposes when the substance of the motion falls within the scope of § 2255. *See Ruth v. United States*, 266 F.3d 658, 660 (7th Cir. 2001). A *bona fide* motion for a new trial under Rule 33 on the basis of newly discovered evidence falls outside § 2255 because it does not contend that the conviction or sentence violates the Constitution or any other statute. *United States v. Evans*, 224 F.3d 670, 673-74 (7th Cir. 2000). A conviction does not violate the Constitution (or become otherwise subject to collateral attack) just because newly discovered evidence implies that the defendant is innocent. *Evans*, 224 F.3d at 674. Therefore, because a claim of innocence based on newly discovered evidence is not itself a ground of collateral attack, § 2255 does not affect the operation of (or the three year window to file) *bona fide* motions under Rule 33. *Evans*, 224 F.3d at 674. However, when a prisoner who has yet to file a motion under § 2255 invokes Rule 33 but presents issues substantively within § 2255, the district judge should alert the movant that this can preclude any later collateral proceeding and ask whether the prisoner wishes to withdraw the

claim or add any other arguments for collateral relief. *Evans*, 224 F.3d at 675.

In the instant case, the court first turns to Defendant's third claim that a post-asbestos removal appraisal report and asbestos abatement documents, discovered by Defendant after the trial, would cast further doubt on Pinski's veracity. This claim appears to be purely a claim of newly discovered evidence that would cast doubt on Pinski's credibility and thus Pinski's testimony, which Defendants contends was crucial to his conviction. There does not appear to be a constitutional or federal statutory element to this claim that would place it under the provisions of § 2255. Therefore, the court will address it on the merits.

Defendant claims that, through post-trial investigative work, he was able to secure the "Atlas Appraisal Service" appraisal, which states that "no environmental hazards" were seen during the inspection, which casts doubt on Pinski's claim that the building "was a mess." Further, Defendant claims that documents from Angel Abatement, LLC, confirm that Pinski was storing inside the subject property the LaCost family's illegal gambling machines, which, Defendant argues, would show three things: (1) the storage of the gambling machines in Pinski's facility is proof that he was much more involved in the LaCost's illegal gambling, money laundering, and tax evasion scheme than what his "cooperation" pretended; (2) there is the distinct possibility that the facility in question was never intended to be redeveloped by Pinski, but instead the purpose was to be a warehouse to conceal the criminal gambling scheme; and (3) Pinski, given the storing of the machines, would never have willingly invited additional government inspection of the premises, and therefore never likely disclosed the existence of the regulated asbestos to someone like Defendant who had been introduced to him by governmental representatives. Defendant believes these exhibits would likely result in acquittal because it demonstrates that Pinski had a propensity to lie and a motive to lie.

Federal Rule of Criminal Procedure 33(a) permits a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "To show that the interest of justice requires a new trial, a defendant must provide evidence that (1) came to his knowledge only after trial; (2) could not have been discovered sooner through the exercise of due diligence; (3) is material and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a retrial." *United States v. Westmoreland*, 712 F.3d 1066, 1072 (7th Cir. 2013). Such motions are approached with great caution and courts should be wary of second-guessing the determinations of both the jury and the judge. *Westmoreland*, 712 F.3d at 1072.

Even assuming *arguendo* that the documents in question could not have been discovered sooner through the exercise of due diligence, Defendant cannot show this evidence would be material as opposed to merely impeaching or cumulative, and he certainly cannot show it would probably lead to an acquittal in the event of a retrial. As Defendant concedes, evidence of Pinski's cooperation agreement and plea agreement with the government was revealed to the jury. Further, Pinski was extensively questioned as to his veracity on cross-examination by Defendant's counsel. Therefore, the court believes that Defendant's proffered evidence would not be material, but rather would be cumulative evidence offered for impeachment purposes. Further, Defendant's evidence would probably not lead to an acquittal in the event of a retrial. The main question for the jury was whether Defendant knew that the material in question was regulated asbestos-containing material. Contrary to what Defendant argues in his motion, Pinski was not the only witness who testified that Defendant knew he was removing asbestos. As noted by the Seventh Circuit, James Mikrut (one of Defendant's employees), Virgil Lietz (another of Defendant's employees), Richard Folk (considered by Defendant for the removal job), and Jeff Franc (hired by Defendant for the removal

job) all testified that Defendant knew of asbestos in the building, whether through what they told Defendant or what Defendant told them. *O'Malley*, 739 F.3d at 1003-04. Therefore, the jury was presented with testimony from various witnesses, aside from Pinski, that showed Defendant knew of asbestos material in the insulation to be removed and that he did not properly notify the federal EPA or IEPA. Thus, Defendant's new evidence would not likely result in an acquittal in the event of a new trial, and his Rule 33 motion must be denied on this ground. *See Westmoreland*, 712 F.3d at 1072.

The court now turns to Defendant's first two claims, that (1) the government, in violation of *Brady* and *Giglio* withheld what would have been valuable impeachment evidence from Defendant at trial concerning the criminal background of Michael Pinski, which, Defendant argues, if heard by the jury, would so discredit government witness Pinski that it is likely he would have been acquitted; and (2) the government, in violation of *Brady* and *Giglio*, failed to disclose correspondence between the Illinois Environmental Protection Agency (IEPA) and Pinski that would show (a) Pinski failed in his legal requirement to disclose his actual knowledge of the asbestos to Defendant and (b) that the IEPA considered the conduct that Defendant was being prosecuted for to be so frivolous that they required only a $15,000 fine to remedy the situation. Defendant explicitly labels the first claim as one under *Brady* and *Giglio*. He does not do so in the second claim, but the court construes it as a *Brady/Giglio* claim because he argues that, although the government did disclose at trial that the IEPA in this case was the delegated representative of the federal EPA, it did not disclose "in excess of 900 documents relative to the asbestos issue at the Pope Brace/Dearborn building." Further, the government did disclose draft pleadings that, without the disclosure of the further IEPA documents, lead to a misleading interpretation that no actual

environmental litigation was ever filed against Defendant's company.

Defendant's arguments that the government failed to disclose certain evidence in violation of *Brady* and *Giglio* raise a constitutional attack on his conviction, and thus are the kind of arguments contemplated by § 2255. *Ruth*, 266 F.3d 661; *Evans*, 224 F.3d at 672-73, 674 (*Brady* claim is a "classic ground[] of collateral attack"); *see also Rollins*, 607 F.3d at 504 (claim that prosecutor withheld some information during discovery is a standard contention under § 2255). Therefore, this court concludes Defendant is seeking relief that he can only obtain through § 2255. Thus, Defendant's motion can only properly be construed as a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence because a postconviction motion that is functionally a motion under § 2255 should be treated as such, even if labeled differently. Accordingly, pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), the court advises Defendant of the court's intent to characterize the motion as one under § 2255 and warns Petitioner that this characterization will subject this motion, and any subsequent § 2255 motion, to the restrictions applicable to second or successive § 2255 motions. This court further advises Defendant that he has the opportunity to withdraw the motion, if he does not want it to be considered a motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has. *Nolan v. United States*, 358 F.3d 480, 482 (7th Cir.2004).

IT IS THEREFORE ORDERED THAT:

(1) Defendant's motion is DENIED as to claim three.

(2) Defendant's motion, as to claims 1 and 2, will be construed by this court as a Motion Pursuant to 28 U.S.C. § 2255. Defendant is allowed twenty-one (21) days from the date of this Opinion to withdraw his motion if he does not want to proceed under 28 U.S.C. §

2255 or to amend his Motion to include every § 2255 claim that he believes that he has.

(3) If Petitioner does not withdraw his motion by the deadline in (2), the Government is allowed 30 days from that date to file its Response.

Entered this 28th day of May, 2014.

s/ MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE