UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-20042 |
| DUANE O'MALLEY, | ) ) ) |
| Defendant. | ) ) |

## ORDER AND OPINION

This matter is now before the Court on Defendant O'Malley's Motion [286] for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3). For the reasons set forth below, Defendant's Motion [286] is DENIED.

### BACKGROUND

On September 26, 2011, a jury found Duane O'Malley guilty of five counts of knowingly removing, transporting, and dumping asbestos-containing insulation in violation of 42 U.S.C. § 7413(c)(1). Doc. 68. On July 21, 2012, O'Malley was sentenced to 120 months of imprisonment, three years of supervised release, a $15,000 fine, and $47,085.70 of restitution to the EPA. Doc. 121. On appeal, O'Malley argued that the Government was required to prove that the Defendant knew the material was *regulated* asbestos-containing material. The Seventh Circuit affirmed the conviction and sentence, finding that the *mens rea* standard for a knowing violation of the Clean Air Act's federal asbestos regulations was satisfied where the Government proved that O'Malley knowingly worked with asbestos-containing material. *United States v. O'Malley*, 739 F.3d 1001 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 411 (2014).

While his direct appeal was pending, O'Malley filed a *pro se* motion for a new trial under Fed. R. Crim. P. 33. Doc. 172. His motion was based on three allegations: (1) the United States

1

bribed codefendant Pinski by secretly agreeing that Pinski would not be liable for the $47,000 restitution to the EPA superfund, in violation of 18 U.S.C. § 201(c)(2); (2) the United States withheld information regarding Pinski's testimony in a subsequent trial; and (3) the United States "underhandedly worked in collusion with O'Malley's retained appellate counsel Roger Heaton to prevent disclosure of the prosecutorial misconduct address in 'Claims One and Two.'" Doc. 172, at 10-15. On April 3, 2013, O'Malley supplemented his motion to add a fourth allegation that the United States failed to disclose Pinski's involvement in the state civil proceedings related to his federal criminal charges. Doc. 183. On April 8, 2013, O'Malley again supplemented his motion, raising a sixth claim, that the United States improperly rewarded Pinski for breaching his cooperation agreement. Doc. 186; see also Docs. 188, 190.

On June 17, 2013, O'Malley, with the assistance of counsel, filed a motion to stay the proceedings on his Rule 33 motion while counsel investigated whether new evidence existed that would warrant a new trial. Doc. 195. On June 19, 2013, the Court issued an opinion denying the motion to stay and advising O'Malley that his Rule 33 motion would be treated as a motion under 28 U.S.C. § 2255. Doc. 196. O'Malley withdrew that motion, but after his counsel withdrew from the case, he filed another *pro se* motion for new trial under Rule 33 on March 31, 2014. Doc. 209. In an opinion issued on May 28, 2014, the Court denied O'Malley's motion as it related to his third claim and construed his first and second claims as a motion under § 2255. Doc. 216. O'Malley appealed that decision and the subsequent denial of his motion to reconsider on August 1, 2014. Doc. 224.

On September 22, 2016, the Seventh Circuit issued a mandate vacating the Court's ruling and allowing O'Malley to proceed under Rule 33. *United States v. O'Malley*, No. 14-2711 (7th Cir. 2016). On October 6, 2016, the Court reopened O'Malley's Rule 33 motion, allowed him to

file a supplement to the motion, and scheduled a motion hearing. On October 20, 2016, O'Malley filed a "Supplemental Rule 33 Pleading Recognizing Structural Error, Per Se." Doc. 265. That pleading raised two more issues: the Court's June 19, 2013 order was "structural error" that warrants a new trial, and newly discovered evidence shows that Defendant is actually innocent. On October 21, 2016, the Court held a status conference where O'Malley indicated that he had one additional filing to supplement his Rule 33 pleading. The Court directed O'Malley to file his supplement to documents 172, 183, 185, 186, 190, and 265 within 21 days. After granting two prior extensions of time for O'Malley to file the supplement, the Court granted O'Malley a third extension of time on January 3, 2017. That order noted that O'Malley had filed 6 other motions seeking to compel, enjoin, requesting discovery, and requesting release, and informed O'Malley that it would not consider those motions until he submitted his supplemental filing and the Government responded.

On January 17, 2017, O'Malley filed his fourth motion for extension of time. Doc. 277. The Court denied O'Malley's request, noting that he had used the previous extensions of time to file various other motions. See Jan. 17, 2017 Text Order ("In sum, [Defendant] has had almost 90 days to file his Supplement, which was simply to consolidate all the addenda to his Rule 33 Motion into one document. Accordingly the Court finds that no future extensions are warranted and Orders the Government to Respond to Defendant's Rule 33 Motion [172] and supporting Addenda [183] [185 [186] [188] [190] [265] within 21 days of this Order."). On January 31, 2017, while the United States was preparing its response to the Rule 33 motion, O'Malley filed a "Motion for Leave to File Belated Consolidated Rule 33 Motion and Request to Extend Time to Add Necessary Documents," "Defendant's Supplement to his Pre-Appeal Ruling Rule 33(b)(1) Motion for New Trial Under # 172, 183, 185, 186, 188, 190, and 265," and five "books." Docs.

278-84. The Court directed the United States to respond to O'Malley's motion for leave to file, and the response was docketed on February 7, 2017. Doc. 285. In its response, the United States opposed O'Malley's request for leave to file. *Id*. ("The petitioner's repeated filings failed to comply with this Court's previously imposed time deadlines and many issues raised therein are far outside the scope of the remand to consider defendant's previously filed motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure."). The Court denied O'Malley's motion and ordered the Government to file its response to the Rule 33 motion by February 15, 2017. On February 15, 2017, the Government filed its response (Doc. 287) and O'Malley filed a "Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3)." Doc. 286.

## LEGAL STANDARD

"Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978); 28 U.S.C. § 1291. However, an exception to this general rule exists when a preliminary or interim disposition qualifies as a "collateral order," i.e., when it "(1) "conclusively determine[s] the disputed question," (2) "resolve[s] an important issue completely separate from the merits of the action," and (3) is "effectively unreviewable on appeal from a final judgment." *Sell v. United States*, 539 U.S. 166, 176 (2003) (citing *Coopers*, 437 U.S. at 468).

The Federal Rules of Appellate Procedure set forth the procedure for petitioning for permission to appeal. See Fed. R. App. P. 5. When an appeal is within the court of appeals' discretion, a party must file a petition for permission to appeal. Fed. R. App. P. 5(a). In instances where a party may not petition for appeal unless a district court first enters an order granting

permission to do so, the district court may, when appropriate, amend its order to include the required permission. Fed. R. App. P. 5(a)(3).

## ANALYSIS

Defendant O'Malley's "Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3)" requests that this Court certify an interlocutory appeal of the Court's text order of February 8, 2017. See Doc. 286. As recited above, that order denied O'Malley's request for "Leave to File Belated Consolidated Rule 33 Motion and Request to Extend Time to Add Necessary Documents," which itself related to the Court's January 17, 2017 denial of O'Malley's fourth motion for extension of time to file his supplement to his Rule 33 Motion. See Doc. 277, 278. The instant Motion asserts that the Court abused its discretion in denying O'Malley's motion for leave to file. O'Malley argues that he should be granted permission to appeal because the Court's denial of his motion for leave to file prevents him from introducing newly discovered evidence in support of his Rule 33 motion. Thus, he argues, a controlling question of law—whether his due process rights have been violated—is present and resolution of that question would be expedited if he is granted permission to appeal. See Doc. 286.

O'Malley bases his motion on 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b); see also *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675–76 (7th Cir. 2000).

However, by its own terms, § 1292(b) applies to *civil actions*. Here, O'Malley is a defendant in a criminal case. Therefore, § 1291 and the collateral order exception control whether O'Malley may appeal from the Court's February 8, 2017 text order. See, e.g., *United States v. Draper*, 746 F.2d 662, 664 (10th Cir. 1984) ("[A]n order of a trial court granting a new trial in a criminal case is not a final judgment within the meaning of 28 U.S.C. § 1291…"). Thus, the Court must decide whether the February 8, 2017 order is a collateral order that (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits, and (3) is effectively unreviewable on appeal from a final judgment. *Sell*, 539 U.S. at 176; *Coopers*, 437 U.S. at 468).

The Court's February 8, 2017 denial of O'Malley's motion for leave to file is not a collateral order from which he may appeal. First, that order did not conclusively determine the disputed question, i.e., whether O'Malley is entitled to a new trial. See *Sell*, 539 U.S. at 176. And contrary to O'Malley's assertions, the Court's denial of his motion for leave to file did not prevent him from introducing newly discovered evidence. Rather, because O'Malley's claims were spread across myriad filings, the Court exercised its discretion to allow O'Malley to file a single supplement consolidating his claims into one document. See Oct. 21, 2016 Minute Entry. Instead of doing so, O'Malley filed six other motions while he sought four extensions of time. Moreover, the documents O'Malley submitted after the Court denied his fourth motion for an extension of time exceeded the scope of the Court's original order—he submitted five "books" comprising over 1000 pages. Those filings contain an unorganized recital of the docket, duplicates of many of his prior filings, and numerous exhibits. See. Docs. 279-284. But a motion for a new trial is not itself a paper trial. Because O'Malley failed to comply with the Court's

deadlines and his belated filings were outside the scope of the Court's order, the Court directed the United States to respond to the existing motion for new trial and addenda identified by O'Malley. The United States has filed its response and the Court will consider the merits of O'Malley's motion in due course.

Second, the Court's February 8, 2017 order did not resolve an important issue completely separate from the merits. See *Sell*, 539 U.S. at 176. On remand, the scope of the Court's inquiry is restricted to the claims O'Malley asserted in his motion for new trial that was the subject of his appeal. See Docs. 172, 209; fn 1., *supra*. Thus, the Court's February 8, 2017 order did not "resolve an important issue completely separate from the merits." *Id*. Lastly, the February 8, 2017 order is not "effectively unreviewable on appeal from a final judgment." *Id*. Rather, O'Malley may appeal the Court's decision once it issues an order on his motion for a new trial. See *Flanagan v. United States*, 465 U.S. 259, 264 (1984) ("This Court has long held that the policy of Congress embodied in [section 1291] is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation...."). Accordingly, O'Malley's motion for certification of interlocutory appeal is denied.

## CONCLUSION

For the reasons stated above, Defendant's Motion [286] for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a) is DENIED.

Signed on this 2nd day of March, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
